[No. 18586.   Department Two.   July 2, 1924.]

JOSEPH BOXLEY *et al.*, *Respondents*, v. W. A. COCHRANE *et al.*, *Appellants.*[1]

CARRIERS (122, 123)—PASSENGERS—LOSS OF BAGGAGE—LIABILITY. An auto stage, receiving baggage of a passenger, is liable for its loss, notwithstanding no check was issued for it and no extra compensation paid for its carriage.

Appeal from a judgment of the superior court for King county, Brinker, J., entered November 17, 1923, upon findings in favor of the plaintiffs, in an action by a passenger for loss of baggage, tried to the court. Affirmed.

*Van Dyke & Thomas,* for appellants.
*Grinstead, Laube & Laughlin,* for respondents.

PEMBERTON, J.—The respondent secured judgment against appellants for the value of lost baggage, from which judgment this appeal is taken.

Appellants are engaged in the operation of a stage line.   On December 30, 1922, one of the respondents, Mrs. Boxley, purchased a ticket over the stage line from Seattle to North Bend.   At that time, upon boarding the stage, she delivered her baggage to appellants, consisting of a large hand grip.   For some reason appellants were unable to deliver this hand grip to respondent upon arrival at North Bend, and she alleges that the value of the same and its contents was in the amount of $319.79.   The appellants deny that the value was over $85.

It is contended by appellants that no liability exists upon their part for the lost baggage, and that the judgment is excessive.   There is no reason shown why a

[1] Reported in 226 Pac. 1015.

stage line should not be under the same rules as a railway company as to its liability for the loss of baggage, unless it is because a stage line gives no check for the same.

"The mere fact that the passenger does not receive a check or other receipt is immaterial where the carrier actually receives the baggage into its possession." 10 C. J. 1199.

There is no sufficient reason offered requiring a different rule with regard to stage lines. The carrier, without extra compensation, is to carry the personal baggage of the passenger under reasonable limitations and without additional charge. The price paid for the ticket embraces the compensation for the carriage of the baggage. 10 C. J. 1196.

It is contended, however, that the amount allowed by the court is excessive. After a fair consideration of the testimony in the case, we are of the opinion that the amount of $225 is no more than fair compensation for the loss.

The judgment of the trial court will be affirmed.

MACKINTOSH, MITCHELL, FULLERTON, and BRIDGES, JJ., concur.